THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                    Crim. No. 13-3895 MCA

EDGAR SOLIS,

        Defendant.

## **ORDER**

This case comes before the Court upon Defendant's *Motion to Dismiss Counts 1 and 2 of the Superseding Indictment for Violations of Defendant's Right to Due Process Pursuant to the Fifth Amendment of the U.S. Constitution and* California v. Trombetta [Doc. 312].

Defendant is charged in Count 1 with conspiracy to distribute 500 grams of cocaine. Defendant is charged in Count 2 with attempt to possess with intent to distribute 500 grams of cocaine. These charges relate to a November 13, 2013 "reverse" sting operation in which undercover agents posing as drug dealers offered to sell 5 kilo-sized packages of previously-seized cocaine to Defendant's brother, Daniel Solis. The five packages of previously-seized cocaine used in the sting are the focus of Defendant's motion. During a March 1, 2016 pretrial hearing, the United States disclosed that the five

1

packages used in the sting are no longer available to the defense as evidence. The cocaine has been repackaged and used in other operations or destroyed. Defendant argues that his due process rights have been violated by the United States' failure to preserve the five packages of cocaine used in the sting.

"The government's duty to preserve extends only to evidence that 'might be expected to play a significant role in the suspect's defense.' If, however, the exculpatory evidence was not apparently exculpatory but merely 'potentially useful,' the failure to preserve the evidence does not violate due process 'unless [the] criminal defendant can show bad faith on the part of the police.'" *United States v. Harry*, __F.3d__,__ , 2016 WL 767028  *6 (10th Cir. 2016)  (quoting *California v. Trombetta*, 467 U.S. 479, 489 (1984) and *Arizona v. Youngblood*, 488 U.S. 51, 58(1988) ). Defendant argues that (1) the packages of cocaine themselves were exculpatory and (2) the absence of Defendant's fingerprints on the packages is exculpatory.

The Court finds that the packages of cocaine themselves were not "apparently exculpatory." Indeed, it appears to the Court that the defense will benefit from the United States' inability to lay before the jury the actual packages of cocaine used in the sting operation.

Defendant's claim concerning fingerprint evidence is squarely governed by *Arizona v. Youngblood*. Here, Defendant's claim corresponds to the argument made by the defendant in *Youngblood* that his right to due process was violated by the government's failure "to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the

2

defendant." 488 U.S. at 57. The surfaces of the 5 packages of cocaine are analogous to the samples and clothing at issue in *Youngblood*; the conjectural absence of fingerprints is analogous to the possibly exculpatory serological evidence that might have been developed in *Youngblood*. In this case as in *Youngblood*, the lost evidence falls in the category of "potentially useful" evidence.

To prevail where the evidence is merely "potentially useful," Defendant must demonstrate bad faith on the part of the officers in failing to preserve the evidence. *Id.* at 58; *Harry*, 2016 WL 767028 * 8. The mere fact that the government had possession of the packages of cocaine when one lot was destroyed and the other lost is insufficient by itself to show bad faith. *See Harry*, 2016 WL 767028 * 9. While the record suggests bureaucratic incompetence on the part of the government, Defendant, who has the burden of proof, has not come forward with evidence that the government acted in bad faith. *See Grisby v. Blodgett*, 130 F.3d 365 372 (9th Cir. 1997) (observing that "negligent failure to lift fingerprints does not establish bad faith").

**So ordered this 17th day of March 2016.**

_____
M. CHRISTINA ARMIJO
Chief United States District Judge